**Larry N. HOWARD, Appellant,**

v.

**Carl G. HOCKER, Warden, Appellee.**

**No. 22353.**

United States Court of Appeals Ninth Circuit.

Oct. 1, 1968.

Charles D. Glattly, Reno, Nev., for appellant.

Harvey Dickerson, Atty. Gen., Carson City, Nev., for appellee.

Before MERRILL and CARTER, Circuit Judges, and WHELAN, District Judge.

WHELAN, District Judge:

Appellant, a State court prisoner, appeals from an order of the United States District Court denying appellant's petition for habeas corpus after an evidentiary hearing. This Court has jurisdiction under Title 28, United States Code, Section 2253.

Appellant was convicted in the Nevada State court of attempted robbery. Among the witnesses against him at his trial was one Robert William Polidoro (hereinafter Polidoro). His present imprisonment results from such conviction.

As grounds for relief in the court below he asserted that Polidoro testified falsely at the State trial and that the prosecutor at such trial knew of the falsity of Polidoro's testimony but failed to correct it.

On appeal appellant contends: (a) the District Court erroneously found that Assistant District Attorney Berry (hereinafter the District Attorney) who prosecuted appellant in the State case had not promised Polidoro anything as a condition or inducement of the latter's statement of January 19, 1966, or testimony, and that therefore the answers given by Polidoro at appellant's criminal trial concerning the possibility of an offer of consideration were not false and consequently not known to be false to the District Attorney; and (b) that the District Court erroneously concluded that appellant was not denied due process of law in the State criminal trial.[1]

We find no merit in the contentions of appellant; the record supports the findings and conclusions of the District Court.

1. Below appellant raised another ground for issuance of the writ but has abandoned it on appeal. It will not be considered.

The pertinent facts are as follows. Polidoro and appellant were charged with attempted murder. Polidoro after his arrest gave statements confessing his guilt of armed robbery but not implicating appellant. Then later, on January 19, 1966, Polidoro gave another statement implicating appellant. The District Attorney had no discussions with Polidoro before the giving of this latter statement;[2] after the completion of that statement the District Attorney stated to Polidoro he would advise the Oregon authorities, who were thought to have a hold on Polidoro, of the latter's cooperation and there would be no charge filed against Polidoro by the District Attorney concerning some allegedly fraudulent checks. The District Attorney at the same time told Polidoro that he had no authority over what Oregon would or wouldn't do.

In summary, Polidoro at the State trial testified that after he had given the statement on January 19th he, Polidoro, had discussed with the District Attorney the hold in Oregon and that the District Attorney had then told him that he, the District Attorney, had no authority over what Oregon would do. Polidoro also testified that after such statement had been given there was a discussion between him and the District Attorney concerning the checks and that it was mentioned that any complaint as to them would be dropped. He further testified

that he had a good idea "that if he gave the statement the attempted murder charge would be dropped and he would be permitted to plead guilty to an armed robbery charge"; and testified that the attempted murder charge would have to be dropped because "Judge Gabrielli stated * * * the murder felony law didn't apply in this case." He said the reason he testified against appellant was that appellant was just as guilty as he and had ratted on him, Polidoro. This testimony is corroborated by the latter's trial attorney's testimony at the evidentiary hearing herein; the attorney testified that he had prompted the talks with the District Attorney and that he told the District Attorney solely what Polidoro had told him. The attorney also testified that before the meeting (of January 19th) Polidoro had told him that he, Polidoro, was willing to testify because he felt he was guilty of attempted robbery; and that Polidoro had told him that he, Polidoro, had previously cautioned appellant that Polidoro would give appellant a certain period of time to change his mind about entering his plea to attempted robbery and that if appellant didn't change his mind and plead guilty, he, Polidoro, would do whatever he could to enter his plea of guilty to attempted robbery.

■ As found by the District Court the testimony of Polidoro at the criminal trial did not refer to conversations be-

---

**2.** There had been conversations between the District Attorney and Polidoro's then attorney concerning the prosecution against Polidoro and the matter of the statement. Polidoro's attorney testified at the hearing below he considered his conversation with the District Attorney as "a deal." However, it appears that there was, as found by the District Court, as a net result of the more or less casual conferences between the District Attorney and Polidoro's lawyer only a general understanding that Polidoro would make a full and true confession of all the facts and circumstances surrounding the occurrence on the occasion of the robbery; that the District Attorney would advise the Oregon authorities of Polidoro's cooperation in the instant matter and not prosecute bad check charges against Polidoro. Polidoro's attorney

testified further that the District Attorney was at all times willing to accept the plea of guilty of both defendants to attempted robbery and to dismiss the charge of attempted murder as to both. It appears that before the statement of Polidoro was given on January 19, 1966, the State court judge had ruled that the felony murder rule would not apply to this case. This ruling changed the attitude of the District Attorney as to what plea of guilty would be acceptable. The attorney for Polidoro testified in the court below that, strictly speaking, the two things he and the District Attorney were talking about was whether there would be an attempted murder or attempted robbery charge tried against Polidoro. The attorney also testified that as far as he knew nothing was ever discussed concerning Polidoro testifying against appellant.

tween the District Attorney and the attorney for Polidoro in the state proceedings; but if such testimony had had such reference it was a substantially accurate statement of what occurred.

There was here no false testimony at appellant's trial by Polidoro and consequently the prosecutor didn't know of any false testimony and fail to correct it. The rule of Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L. Ed.2d 1217, is here not applicable. Appellant was not denied due process.

The order of the District Court is affirmed.