**Anthony Mario WATSON, Petitioner—Appellant,**

v.

**Teresa ROCHA, Warden, Respondent—Appellee.**

No. 05–55310.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2006.

Filed Sept. 13, 2006.

Todd W. Burns, Esq., FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Petitioner–Appellant.

Attorney General for the State of California, Anthony Da Silva, Esq., AGCA–Office of the California Attorney General (San Diego), San Diego, CA, for Respondent–Appellee.

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM *

Anthony Mario Watson appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm in part, reverse in part, dismiss in part, and remand for a new evidentiary hearing.[1]

■ Watson first claims that trial counsel was ineffective for failing to adequately investigate a potential alibi defense. "[C]ounsel has a duty to make reasonable

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. We review de novo the district court's denial of Watson's petition for a writ of habeas corpus, *Custer v. Hill,* 378 F.3d 968, 971 (9th Cir.2004), and we review for clear error the district court's factual findings, *Weaver v. Thompson,* 197 F.3d 359, 362 (9th Cir.1999). Because the California Supreme Court summarily denied Watson's petitions, we review the California Court of Appeal's decision as the last reasoned state court decision on Watson's habeas claims. *See Custer,* 378 F.3d at 972 n. 4. We may affirm the district court's denial of Watson's petition "on any ground supported by the record, even if it differs from the rationale of the district court." *Weaver,* 197 F.3d at 362. Watson filed his federal petition after the effective date of the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"); therefore, we apply the AEDPA standards of review to his case. *See Avila v. Galaza,* 297 F.3d 911, 917 (9th Cir. 2002).

investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The state courts denied Watson's petition on this ground, but the district court concluded that the state court's findings were not entitled to deference because they were not supported by the evidence in the record. The district court held an evidentiary hearing and ultimately rejected Watson's claim on the performance prong of *Strickland.*

Regarding counsel's failure to interview potential alibi witnesses White and Yard, the court found that counsel did not have reason to know about them until after Watson's trial. This finding was based in part on the district court's finding that trial counsel was a credible evidentiary hearing witness and Watson was not. "When a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding can virtually never be clear error." *Conrad v. United States,* 447 F.3d 760, 768 (9th Cir.2006) (alterations and internal quotation marks omitted). In light of the district court's finding, we affirm its holding that trial counsel was not ineffective for failing to interview White and Yard.

■ Trial counsel's lack of investigation of potential alibi witness Douglas, however, is of greater concern. Counsel was aware that Douglas was female; his investigator operated under the misapprehension that Douglas was male. Although counsel's decision not to investigate or interview a witness is entitled to deference if reason-

able, there is nothing in the record to indicate why counsel did not conduct further inquiry when faced with information that an alibi witness might exist and a report from an investigator who made one attempt to find Douglas, which failed because the investigator was looking for a man. Counsel may have a reasonable explanation, but the record is devoid of any explanation whatsoever.[2] We therefore reverse the district court's denial on this ground and remand to the district court for further development of the record.

The district court did not make any specific findings of fact regarding the reasonableness of trial counsel's failure to interview potential alibi witness Larose. On remand, the district court should address this issue as well.

■ Watson next argues that the prosecutor knowingly presented a false motive at trial, denying him due process of law. *See Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). However, unless Watson can demonstrate that the motive evidence was false, *Napue* is inapplicable to his case. *See Howard v. Hocker,* 401 F.2d 502, 504 (9th Cir.1968). The state court found that Watson failed to make this demonstration. This was not an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). We affirm the district court's denial on this ground.

Watson further argues that his appellate counsel was ineffective for failing to raise the false motive claim. The district court found that the state court denied this claim without explanation and independently reviewed the record. *See Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000). The

---

2. Although the district court found that counsel "doubted Watson's claimed alibi because of the way Watson presented it to [him]," "[a] lawyer should not conclude that testimony is

or will be false unless there is a firm factual basis for doing so." *Lord v. Wood,* 184 F.3d 1083, 1095 n. 9 (9th Cir.1999) (internal quotation marks omitted) (alteration in original).

district court held that, because the California Court of Appeal considered and rejected the merits of Watson's false motive claim on habeas review, Watson could not show that his claim was reasonably likely to succeed on direct appeal. We agree. Therefore Watson's appellate counsel was not ineffective for failing to raise it, and Watson was not prejudiced by this omission. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989). The state courts' denial of Watson's habeas petition on this ground was not contrary to or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1). We affirm the district court's denial on this ground.

■ Next, Watson contends that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to turn over evidence of an alleged offer of immunity made to witness Hamer by an investigator for the State.[3] The state court found that the evidence did not satisfy the *Brady* test for materiality. The district court determined that the state court's finding was supported by the record. We agree. The state court's conclusion was not contrary to or an unreasonable application of federal law. We affirm the district court's denial on this ground.

Watson further argues that trial counsel was ineffective for not eliciting through cross-examination that Hamer was offered a deal of immunity. The state court re-

jected Watson's claim because it found that counsel could not have reasonably suspected that Hamer was offered a deal. Even assuming, *arguendo*, that trial counsel's failure to cross-examine Hamer on this issue constituted ineffective assistance of counsel, Watson cannot show prejudice under *Strickland* for the same reasons that he cannot establish the materiality prong of his *Brady* claim. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. We affirm the district court's denial on this ground.[4]

■ Next, Watson argues that the evidence was insufficient to support his conviction. The state court disagreed. Under *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), we ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Because it was the jury's responsibility to evaluate the credibility of the prosecution's witnesses, and because their testimony if believed was sufficient to convict Watson, the state court's holding was not contrary to or an unreasonable application of *Jackson*. We affirm the district court's denial on this ground.

■ Watson argues that cumulative errors rendered trial counsel's performance deficient and merit relief. However, Watson did not exhaust this claim in state

---

3. In his briefing to our court, Watson argues that the prosecutor violated *Brady* by not turning over evidence of an alleged threat made against Hamer. In state court, Watson framed the issue as concerning an alleged offer of immunity. Because a *Brady* claim regarding immunity, and not a threat, was exhausted in state court, we construe Watson's claim to concern an alleged offer of immunity to Hamer. *See Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) ("[M]ere similarity of claims is insufficient to exhaust.").

4. The state court did not address the prejudice prong of *Strickland*. *See* 466 U.S. at 687, 104 S.Ct. 2052. Therefore we independently review the record to determine whether the state court's denial of Watson's ineffective assistance claim was objectively reasonable, as it relates to the prejudice prong of *Strickland*. *See Avila*, 297 F.3d at 921; *Delgado*, 223 F.3d at 982.

court. We are therefore barred from considering the merits of this claim. *See Custer v. Hill*, 378 F.3d at 974–75. We dismiss the appeal without prejudice to the extent it raises this unexhausted claim.

■ Finally, Watson makes three claims of district court error, all of which are unpersuasive. First, he argues that because he was not given a full and fair hearing in state court, the district court should not have deferred to the state court's findings of fact. Although a state court's failure to hold an evidentiary hearing can be reason for not deferring to its findings of facts, *see Taylor v. Maddox*, 366 F.3d 992, 1000–01 (9th Cir.), *cert. denied*, 543 U.S. 1038, 125 S.Ct. 809, 160 L.Ed.2d 605 (2004), in this case the district court rested all relevant factual conclusions on its own review of the record.[5]

Second, Watson argues that the district court improperly limited his federal evidentiary hearing to the ineffective assistance/alibi claim. If Watson "exercised sufficient diligence in seeking to develop the factual basis of his [other] claim[s] in the state court proceedings," he is not subject to AEDPA's limitations on evidentiary hearings. *Horton v. Mayle*, 408 F.3d 570, 582 n. 6 (9th Cir.2005); *see* 28 U.S.C. § 2254(e)(2). However, even assuming, *arguendo*, that Watson exercised sufficient diligence, he did not allege facts that, if proved, would entitle him to relief. *See Horton*, 408 F.3d at 582 n. 6. The district court therefore did not err in limiting the evidentiary hearing to Watson's ineffective assistance/alibi claim.

■ Finally, Watson argues that the district court abused its discretion in limiting the information Watson could submit regarding the ineffective assistance/alibi claim. *See Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir.2001). Although the better course would have been to admit Watson's proffered testimony and declarations, given the highly deferential nature of the abuse of discretion standard, we hold that the district court did not abuse its discretion in excluding this evidence. On remand, however, our holding should not be interpreted as precluding the district court from considering any evidence that Watson submits or resubmits that bears on his ineffective assistance/alibi claim.

**AFFIRMED** in part, **REVERSED** in part, **DISMISSED** in part, and **REMANDED** for a new evidentiary hearing on the issues identified in this disposition. Each party shall bear its own cost on appeal.

---

5. The district court did not defer to the state court's findings of fact on the ineffective assistance/alibi claim. Regarding the false motive claim, the district court found the state court's findings supported by the record. On the derivative ineffective assistance of appellate counsel claim, the district court conducted an independent review of the record. On the *Brady* claim, the district court found the state court's findings were supported by the record. And while the district court deferred to the state court findings on the performance prong of the related ineffective assistance of counsel claim, we have conducted an independent review of the record and affirmed the denial of relief on the prejudice prong of *Strickland*. Finally, on the sufficiency of the evidence claim, the district court did not defer to any state court findings of fact but instead extensively cited to the trial record in support of its denial of relief.